**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Devon Mitchell, | No. CV-16-04592-PHX-DGC (MHB) |
| Movant/Defendant, | No. CR-05-00886-02-PHX-DGC |
| vs. | **ORDER** |
| United States of America, | |
| Respondent/Plaintiff. | |

Devon Mitchell is confined in federal prison. Pursuant to 28 U.S.C. § 2255, he moves to vacate his sentence in Case No. CR-05-00886. Doc. 21.[1] Magistrate Judge Michelle Burns issued a report recommending that the motion be denied ("R&R"). Doc. 59. Mitchell filed an objection to which the government responded. Docs. 62, 65. For reasons stated below, the Court will accept the R&R and deny the motion.

**I.  Background.**

Following a seven-day jury trial in 2008, Mitchell was convicted of four counts of bank robbery and one count of possessing a firearm during a crime of violence.

---

[1] Citations to documents in the criminal case are denoted "CR Doc." Citations are to page numbers attached to the top of pages by the Court's electronic filing system.

1  CR Doc. 226. On July 16, 2008, he was sentenced to 222 months in prison. CR Doc. 278. The Ninth Circuit affirmed the convictions and sentence. CR Doc. 325.

Mitchell later moved to vacate his sentence under § 2255. Docs. 1, 6 (No. CV-11-00580). On May 17, 2012 the Court denied and dismissed the motion. Doc. 18 (No. CV-11-00580). Mitchell thereafter submitted a request with the Ninth Circuit to file a successive § 2255 motion, which was denied on May 20, 2014. Doc. 25 (No. CV-11-00580).

On June 27, 2016, the Ninth Circuit granted Mitchell's second request to file a successive § 2255 motion, which asserts that his firearm possession conviction pursuant to 18 U.S.C. § 924(c) is illegal based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* Docs. 13, 21. The motion was stayed several times pending decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Begay*, 934 F.3d 1033 (9th Cir. 2016). *See* Docs. 27, 30, 32, 34, 36, 38, 50. Judge Burns now recommends that the motion be denied. Doc. 59.

**II.  R&R Standard of Review.**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see* § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

**III. Judge Burns's R&R.**

Citing *United States v. Gutierrez*, 876 F.3d 1254 (9th Cir. 2017), and *United States v. Watson*, 881 F.3d 782 (9th Cir. 2018), Judge Burns found that Ninth Circuit authority categorically establishes bank robbery as a crime of violence under § 924(c). Doc. 59 at 5. Judge Burns noted that armed and unarmed bank robbery pursuant to §§ 2113(a) and (d), the provisions under which Mitchell was convicted, are both crimes

of violence because they necessarily involve the type of violent physical force needed to meet the *Johnson* standard. *Id.* at 6 (citing *Watson*, 881 F.3d at 768 ("armed bank robbery under § 2113(a) and (d) qualifies as a crime of violence under § 924(c)")). Finding the cases cited by Mitchell unpersuasive, Judge Burns concluded that "[c]ontrolling Ninth Circuit precedent has established that bank robbery and armed bank robbery are categorically crimes of violence under the elements clause of 18 U.S.C. § 924(c)(3), and thus [Mitchell's] claim in his 2255 motion is without merit." *Id.* at 7.[2]

**IV.  Mitchell's Objections.**

Mitchell argues that bank robbery is not categorically a crime of violence under § 924(c) and that *Gutierrez* and *Watson* are inapposite. Doc. 62 at 2-5. He contends that *Stokeling v. United States*, 139 S. Ct. 544 (2019), "left open the door for a different result under § 2113(a) and § 924(c)." *Id.* at 6.

The federal bank robbery statute provides that:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association [shall be punished according to law].

§ 2113(a). As Judge Burns correctly concluded, the Ninth Circuit has categorically established both armed and unarmed bank robbery as a crime of violence under the elements clause of § 924(c). *See Gutierrez*, 876 F.3d at 1257; *Watson*, 881 F.3d at 785.

Mitchell argues that Judge Burns's reliance on *Gutierrez* is unpersuasive because the federal bank robbery statute does not require that a perpetrator act with "the intent to

---

[2] Section 924(c) imposes a mandatory consecutive term of imprisonment for using or carrying a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). The term "crime of violence" is defined as an offense that is a felony and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3).

3

cause death or serious bodily harm" like the federal carjacking statute, which was at issue in *Gutierrez*. Doc. 62 at 2-3; *see Halloway v. United States*, 526 U.S. 1, 12 (1999) ("The intent requirement of [the carjacking statute] is satisfied when the Government proves that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car."). But the Ninth Circuit held that even "intimidation," the statute's least violent form, "requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard." *Gutierrez*, 876 F.3d at 1257.[3]

Mitchell further argues that the holding in *Watson* cannot be reconciled with *Johnson*, 135 S. Ct. at 2551, in light of *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016), *United States v. Gezos*, 870 F.3d 890 (9th Cir. 2017), and *United States v. Strickland*, 860 F.3d 1224 (9th Cir. 2017). Doc. 62 at 3. The Court does not agree.

*Parnell* is inapposite because it pre-dated both *Gutierrez* and *Watson* and involved a Massachusetts statute, not the federal bank robbery statute. Doc. 59 at 5; *see Dixon v. United States*, No. CR-99-00516-PHX-SRB, 2018 WL 6381209, at *2 (D. Ariz. Dec. 6, 2018) ("*Parnell* pre-dates both *Gutierrez* and *Watson*, portending that whatever conflict Movant seeks to tease out is now in the law moot."). Likewise, Judge Burns correctly found that *Gezos*, which analyzed a Florida robbery statute, was called into question by a recent Ninth Circuit decision, *Ward v. United States*, 936 F.3d 914, 919 (9th Cir. 2019) ("Our prior distinction between 'substantial' and 'minimal' force in the ACCA robbery context in such cases as *Molinar* and *Gezos* cannot be reconciled with the Supreme Court's clear holding in *Stokeling*."). In *Strickland*, 860 F.3d at 1226, the Ninth Circuit analyzed an Oregon robbery statute in the context of the Armed Career Criminal Act ("ACCA"). The Oregon statute provided that "[a] person commits the crime of robbery in the third

---

[3] The Ninth Circuit held that "intimidation" as used in § 2113(a) requires that the defendant take property "in such a way that would put an ordinary, reasonable person in fear of bodily harm" and that a "defendant cannot put a reasonable person in fear of bodily harm without threatening to use force capable of causing physical pain or injury." *Id.* (internal quotation marks omitted).

degree if . . . the person uses or threatens the immediate use of physical force upon another person[.]" Or. Rev. Stat. § 164.395(1). Because Oregon courts did not interpret the statute as requiring the use or threatened use of violent force, the Ninth Circuit concluded that a conviction for third degree robbery under Oregon law was not a predicate offense under the ACCA. *Strickland*, 860 F.3d at 1227. This Oregon-specific holding does not cast doubt on *Watson*.

Nor is Mitchell's reliance on *Stokeling* helpful. Mitchell contends that the dissent "left open the door for a different result under § 2113(a) and § 924(c)." Doc. 62 at 6. But the controlling opinion in *Stokeling* unequivocally found Florida's robbery statute to be a "violent felony" under ACCA's elements clause. 139 S. Ct. at 555.

Mitchell does not otherwise refute the Ninth Circuit's conclusion that "bank robbery qualifies as a crime of violence because even its least violent form 'requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard.'" *Watson*, 881 F.3d at 785 (quoting *Guttierez*, 876 F.3d at 1257). His challenge to his conviction and sentence under § 924(c) thus runs directly contrary to controlling Ninth Circuit authority. *Watson* is binding precedent. And as the Ninth Circuit has noted, it reached the same conclusion as "every other circuit to address the same question." *Id.* (citing *United States v. Ellison*, 866 F.3d 32, 39-40 (1st Cir. 2017); *United States v. Brewer*, 848 F.3d 711, 715-16 (5th Cir. 2017); *United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016)); *see also Hoagland v. United States*, No. CV-16-00806-TUC-DCB, 2019 WL 1325912, at *2 (D. Ariz. March 25, 2019) (concluding that federal bank robbery is a crime of violence under § 924(c)); *Dixon*, 2018 WL 6381209, at *2 ("Because *Gutierrez* and *Watson* are binding authority . . . [t]he Court further denies and dismisses Movant's § 2255 Motion with prejudice.").

**IT IS ORDERED:**

1. Judge Burns's R&R (Doc. 59) is **accepted**.

5

2. Mitchell's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 21) is **denied** with prejudice.

3. A certificate of appealability is **denied** because Mitchell has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2) and because Mitchell has not demonstrated that "reasonable jurists would find the [Court's] assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4. The Clerk is directed to enter judgment and **terminate** this action.

Dated this 6th day of April, 2020.

David G. Campbell
Senior United States District Judge